UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILLIP RHODA, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>RUNNINGS SUPPLY, INC.,<br><br>               Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT** |

## NATURE OF THE ACTION

1.      This is a class action on behalf of all of Runnings Supply, Inc.'s ("Defendant" or "Runnings") employees in the State of New York that engage in manual work in the course of their employment over the last six years.

2.      New York law requires companies to pay their manual workers on a weekly basis unless they receive an express authorization to pay on a semi-monthly basis from the New York State Department of Labor Commissioner.  *See* New York Labor Law ("NYLL"), Article 6, §191.

3.      Defendant has received no such authorization from the New York State Department of Labor Commissioner to pay its manual workers on a bi-weekly basis.

4.      The New York Court Of Appeals has explained that this law is "intended for the protection of those who are dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (citing former Labor Law § 196).

5.      Defendant violated this law by paying its manual workers every other week rather than on a weekly basis.

6.      Plaintiff therefore demands liquidated damages, interest, and attorneys' fees on

behalf of himself and a putative class of all manual workers employed by Defendant in New York State over the last six years.

## JURISDICTION AND VENUE

7.      This Court has personal jurisdiction over Defendant because Defendant conducts significant business in New York.  Defendant owns and operates a chain of Runnings retail stores within New York.

8.      This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

10.      Defendant Runnings Supply, Inc. is a Minnesota corporation with a principal place of business in Marshall, Minnesota.  Defendant owns and operates a chain of Runnings retail stores and employs hundreds, if not thousands of manual workers in the State of New York.

11.      Plaintiff Phillip Rhoda is a citizen of New York who resides in Bloomfield, New York.  From approximately 2014 to 2018 and from approximately 2018 to the present, Plaintiff

was employed by Defendant as a Department Manager at a Runnings store located in

Canandaigua, New York.  At least 25% of Plaintiff's job responsibilities at Runnings involved

and continue to involve physical labor, including tasks such as unloading truck deliveries,

stocking, handling, and organizing inventory in the front and back of the store, sweeping and

mopping, and assembling and disassembling merchandising displays.  At all times relevant

hereto, Plaintiff was paid a less than $900 per week.  Plaintiff was paid every other week, rather

than weekly, during the entirety of his employment with Defendant.  Thus, for half of each

biweekly pay period, Plaintiff was injured in that he was temporarily deprived of money owed to

him, and he could not invest, earn interest on, or otherwise use these monies that were rightfully

his.  Accordingly, every day that said money was not paid to him in a timely fashion, he lost the

time value of that money.

## CLASS ACTION ALLEGATIONS

12.     Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to represent a class defined as all

persons employed by Defendant in the State of New York over the last six years who (1) earned

nine hundred dollars a week or less; and/or (2) did not have the authority to hire and fire other

employees (the "Class").  Members of the Class include, but are not limited to, persons

employed by Defendant in the following capacities:  Department Managers, Sales Associates,

Cashiers, Distribution Center Splitters/Pickers, Distribution Center Loader/Forklift Operators,

Facilities Custodians, Firearms Specialists, and other hourly-paid employees who perform

similar physical tasks.  Excluded from the class are salaried, executive employees, and those

responsible for hiring and/or firing employees that are also paid in excess of nine hundred dollars

a week.

13.     Members of the Class are so numerous that their individual joinder herein is

impracticable.  On information and belief, members of the Class number in the thousands.  The

precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the employment records of Defendant.

14. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: whether Defendant was required to pay class members on a weekly basis, whether class members were paid on a weekly basis, and whether Defendant violated NYLL § 191.

15. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was a member of the Class during the class period but was not provided with compensation for his work on a weekly basis.

16. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

17. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action

device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CLAIMS FOR RELIEF

## COUNT I

### New York Labor Law – Failure to Pay Timely Wages

18.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

19.     The timely payment of wages provisions, NYLL § 191, and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

20.     Defendant failed to pay Plaintiff and the Class on a timely basis as required by NYLL § 191(1)(a).

21.     Due to Defendant's violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as a representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b.     For an order declaring Defendant's conduct violates the law referenced herein;

c.     For an order finding in favor of Plaintiff and the Class on the count asserted
        herein;

d.     For liquidated damages in amounts to be determined by the Court and/or jury;

e.     For prejudgment interest on all amounts awarded; and

f.     For an order awarding Plaintiff and the Class their reasonable attorneys' fees,
        expenses, and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any

and all issues in this action so triable of right.

Dated:  July 8, 2022                                Respectfully Submitted,

                                                    **CONNORS LLP**

                                                    By:   */s/ Andrew M. Debbins*        _

                                                    Andrew M. Debbins
                                                    1000 Liberty Building
                                                    Buffalo, NY  14202
                                                    (716) 852-5533
                                                    amd@connorsllp.com

                                                    **BURSOR & FISHER, P.A**
                                                    Yitzchak Kopel (*PHV* forthcoming)
                                                    Alec M. Leslie (*PHV* forthcoming)
                                                    888 Seventh Avenue
                                                    New York, NY  10019
                                                    Telephone: (646) 837-7150
                                                    Facsimile: (212) 989-9163
                                                    Email:  ykopel@bursor.com
                                                            aleslie@bursor.com

                                                    *Attorneys for Plaintiff*